JOURNAL ENTRY and OPINION
{¶ 1} Shaun Davis appeals from a judgment of the Cuyahoga County Court of Common Pleas finding him guilty of felonious assault and sentencing him to two years imprisonment. Davis assigns the following as errors for our review:
 {¶ 2} "The trial court's verdict was not supported by sufficientevidence and was against the manifest weight of the evidence whenthe defendant did not cause serious physical harm to the victim.
 {¶ 3} "The trial court erred in its findings relating to theseriousness of the offense and therefore in its decision to imprison thedefendant."
 {¶ 4} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
 {¶ 5} On September 12, 2001, Thomas Gallucci, Jr., then sixteen years of age, drove through a stop sign at the intersection of East 164th Street and Grovewood Avenue in Cleveland. Consequently, Gallucci's vehicle struck a vehicle driven by Davis.
 {¶ 6} Both drivers exited their respective vehicles and approached one another. Davis began angrily screaming at Gallucci for running the stop sign and hitting his car. Gallucci responded by turning away from Davis. Perceiving this as an affront, Davis punched Gallucci in the head as he turned. The blows stunned Gallucci who fell to the ground. Davis then kicked Gallucci in the head two to five times. The last kick caused Gallucci's head to impact a steel fence post.
 {¶ 7} After witnesses intervened and the police arrived, Gallucci was transported to a local hospital. Gallucci suffered a concussion as well as several scrapes and cuts on his face and head. Gallucci remained in the hospital for several hours before being released to his parents' care.
 {¶ 8} Gallucci suffered fits of vomiting that evening and experienced headaches for several days following the incident.
 {¶ 9} Following a bench trial, the trial court found Davis guilty of felonious assault and sentenced him to two years imprisonment. This appeal followed.
 {¶ 10} Davis' first assigned error challenges each conviction as unsupported by the manifest weight of evidence and as based upon insufficient evidence. While each concept challenges the adequacy of evidence supporting a conviction, manifest weight of evidence and sufficiency of evidence are distinct legal concepts. Although an appellate court may determine a trial court's judgment is sustained by sufficient evidence, it may nevertheless conclude the judgment is against the weight of evidence.[1]
 {¶ 11} A challenge to the sufficiency of evidence supporting a conviction requires the appellate court to determine whether the State met its burden of production at trial.[2] On review for legal sufficiency, the appellate court's function is to examine evidence admitted at trial and determine whether such evidence, if believed, would convince the average person of the defendant's guilt beyond a reasonable doubt.[3] In making its determination, an appellate court must view the evidence in a light most favorable to the prosecution.[4]
 {¶ 12} When an appellant challenges a conviction on manifest weight grounds, we review the record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, "and determine whether in resolving conflicts in the evidence, the [court] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."[5] The discretionary power to grant a new trial should be exercised only in exceptional cases in which the evidence weighs heavily against the conviction.[6]
 {¶ 13} Stated succinctly, a reviewing court will not reverse a conviction where there is substantial evidence upon which the court could reasonably conclude that all elements of an offense have been proven beyond a reasonable doubt.[7]
 {¶ 14} R.C. 2903.11(A)(1) provides that no person shall knowingly cause serious physical harm to another person. R.C. 2901.01(A)(5) defines "Serious physical harm to persons" as any of the following:
 {¶ 15} "(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
 {¶ 16} "(b) Any physical harm that carries a substantial risk of death;
 {¶ 17} "(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
 {¶ 18} "(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
 {¶ 19} "(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain."
 {¶ 20} This court historically applies a liberal interpretation of "serious physical harm to persons." Generally, a trial court does not err in finding serious physical harm where the evidence demonstrates the victim sustained injuries necessitating medical treatment.[8]
 {¶ 21} Davis asks us to deviate from our precedent and adopt a stricter interpretation which would require prolonged hospitalization or bed rest. We decline to do so. Instead, we review this case in a manner consistent with our precedent and determine whether the evidence adduced at trial supports a conclusion that Gallucci suffered serious physical harm necessitating medical treatment.
 {¶ 22} Gallucci suffered multiple punches and kicks to his head and face in addition to the impact of the steel post. Trial testimony clearly and irrefutably demonstrates that Gallucci sought medical treatment because Davis caused him to suffer cuts, scrapes, and a concussion.
 {¶ 23} Based upon these facts, we determine the State met its burden of production at trial and proved each element of felonious assault beyond a reasonable doubt so that a reasonable trier of fact may conclude Davis committed the charged offense. The prosecution presented sufficient evidence to sustain Davis' conviction, and the court did not clearly lose its way and create such a manifest miscarriage of justice that we must reverse Davis' conviction and order a new trial. Accordingly, Davis' first assigned error is without merit.
 {¶ 24} In his second assigned error, Davis argues the trial court erred by sentencing him to a term of imprisonment rather than community control sanctions. We disagree.
 {¶ 25} Davis' felonious assault conviction, a second-degree felony, carries a non-mandatory presumption of two to eight years imprisonment.[9] The presumption may be overcome, and "the sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term" if such a remedy would adequately punish the offender and protect the public, as well as not demean the seriousness of the offense.[10] As the plain statutory language indicates, the sentencing court is under no obligation to impose community control sanctions simply because the offender meets the eligibility requirements. Rather, community control sanctions are an alternate means of effectuating justice if such means satisfy statutory requirements and are deemed appropriate by the trial court.
 {¶ 26} Despite the sentencing discretion afforded to a trial court, the imposition of a non-mandatory term of imprisonment requires the trial court to review certain R.C. 2929.12 factors which involve the seriousness of the offender's conduct and the likelihood of the offender committing future crimes. As Davis acknowledges in his brief to this court, the trial court conducted this R.C. 2929.12 review.
 {¶ 27} Although we acknowledge, as did the trial court, that Davis poses little risk of recidivism and displayed sincere remorse for his illegal conduct, the Ohio Revised Code presumes imprisonment for second degree felons such as Davis. Community control sanctions were available for Davis if the trial court chose and if Davis fit the statutory requirements. Nonetheless, the Revised Code did not oblige the trial court to issue sanctions rather than imprisonment. The trial court followed all statutory requirements. Accordingly, the trial court did not err by sentencing Davis to a term of imprisonment rather than community control sanctions, and Davis' second assigned error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
[2] Id.
[3] Id.; State v. Fryer (1993), 90 Ohio App.3d 37, 43.
[4] Id.
[5] State v. Martin (1983), 20 Ohio App.3d 172,175, citing Tibbs v.Florida (1982), 457 U.S. 31, 38, 42. See, also, Thomkins.
[6] Martin, citing Tibbs. See, also, Thomkins.
[7] State v. Eskridge (1988), 38 Ohio St.3d 56, paragraph two of the syllabus; State v. Eley (1978), 56 Ohio St.2d 169, syllabus.
[8] See State v. Wilson (Sept. 21, 2000), Cuyahoga App. No. 77115;State v. Grider (Dec. 20, 1995), Cuyahoga App. No. 68594; State v.Huckabee (Oct. 26, 1995), Cuyahoga App. No. 67588; State v. Walker (June 18, 1987), Cuyahoga App. No. 52391; State v. Williams (Nov. 10, 1983), Cuyahoga App. No. 46599.
[9] R.C. 2903.11; R.C. 2929.13(D); R.C. 2929.14(A)(2).
[10] R.C. 2929.13(D) (Emphasis added.)